```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

**CLARKSON GRAIN COMPANY, INC.**                    **CIVIL ACTION**

**VERSUS**                                          **NO. 07-4068**

**M/V AFRICAN STAR,** *IN REM***, AND SEA BRIDGE**  **SECTION "B"(3)**
**MARINE INC., OCEAN MARIS MANAGEMENT, INC.,**
**OCEANSTAR MANAGEMENT, INC. AND**
**VILARA MARITIME CO., LTD.** *IN PERSONAM AND*
**LONDON STEAMSHIP OWNERS MUTUAL INSURANCE**
**ASSOCIATION**

## ORDER AND REASONS

Before the Court is Defendants Ocean Maris Management, Inc., Oceanstar Management, Inc., Vilara Maritime Co., Ltd., and London Steamship Owners Mutual Insurance Association Motion for Summary Judgment (Rec. Doc. No. 10). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED.**

## *BACKGROUND*

This maritime case involves alleged damage to a cargo of bagged organic soybeans carried aboard the M/V AFRICAN STAR from Buenos Aires, Argentina to New Orleans, Louisiana in June and July of 2005. During the discharge in July 2005, some of the cargo was allegedly found to be contaminated by hydraulic oil. Since the claim involves the international transportation of cargo to a port in the United States, it is governed by the United States Carriage of Goods by Sea Act ("COGSA) 46 U.S.C. §1300, et seq. By statute,

1

claims for cargo loss or damage must be brought within one year from the date discharge is completed. See 46 U.S.C. §1303(6).

Defendants' authorized claims representative, David Genevay, granted Plaintiff four extensions of time within which to file suit. The first extension of time to file suit was granted in July 2006 through October 21, 2006. The second extension of time within which to file was granted on October 10, 2006 and valid through January 10, 2007. The third extension of time within which to file was granted on January 10, 2007 and valid through April 10, 2007, and the final extension of time was granted on April 5, 2007 and valid through July 10, 2007. Plaintiff filed suit against Defendants on August 10, 2007.

Defendants contend that the claims for cargo loss or damage must be brought within one year from the date discharge is completed. See 46 U.S.C. §1303(6). Because the last extension of time granted by Defendants expired on July 10, 2007, Plaintiff's lawsuit is time-barred. Defendants further explain that its actions do not meet the threshold for Plaintiff's argument of estoppel.

Plaintiff asserts that Defendants took action to purposely mislead Plaintiff such that the time period for filing suit would lapse. As such, Plaintiff avers that estoppel should apply. Plaintiff seeks in the alternative that Defendants' Motion for Summary Judgment be denied because Defendants have wrongfully

withheld information necessary to opposing the impending motion.

***DISCUSSION***

**A.   Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(C); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial.  *Webb v. Cardiothoracic Surgery Associates of North Texas*, 139 F.3d 532, 536 (5th Cir. 1998).  The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue.  *Id.*  Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment.  *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).  The

plaintiff must present an issue of material as to every one of the essential elements of each of his claims on which he bears the burden of proof at trial. *Celotex,* 477 U.S. at 322; *see also Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1444 (5th Cir. 1993).

**B. Estoppel**

The one-year time limitation for bringing suit pursuant to the Carriage of Goods by Sea Act ("COGSA") may be extended by express agreement of the parties. *Bunge Edible Oil Corp. v. M/V TORM RASK*, 756 F.Supp. 261, 267 (E.D. La. 1991), *aff'd*, 949 F.2d 786 (5th Cir. 1992). In some circumstances, however, a party, by his or her representations, promises, or conduct, may be estopped from asserting the COGSA statute of limitations as a defense where a plaintiff can show that he or she was misled by the defendants into reasonably believing that the statute of limitations would not be used as a defense or would be extended. *Tokio Marine and Fire Ins. Co., Ltd. v. M/V YOU LIANG*, 2001 WL 1673697 at *2 (E.D. La. Dec. 20, 2001). In the COGSA statute of limitation context, "the basic question in determining whether estoppel exists is whether plaintiff has been misled by defendant's actions, that is, whether defendant's actions have lulled plaintiff into a false sense of security and so induced it not to institute suit in the requisite time period." *Id.*

In *Tokio Marine and Fire Ins. Co., Ltd. v. M/V YOU LIANG*, the court held that the plaintiff presented a material factual dispute

4

as to whether the plaintiff justifiably relied on representations from the defendant's agent that authorizations obtained from its client would satisfy the terms of the conditional extensions. Specifically, the defendant's agent regularly replied that the requested extensions were granted subject to "[its client's] similar approval." *Id.*, at *3. The parties followed this pattern of extensions "subject to [the client's] approval" to grant additional extensions until the plaintiff filed suit. *Id.*

In the case at bar, Mr. Genevay, the Defendants' agent, granted an extension of time in July 2006 valid through October 21, 2006. Mr. Genevay granted a second extension of 90 days to file suit and confirmed said extension in writing two days later on October 10, 2006 and October 12, 2006 respectively. On January 10, 2007, Mr. Genevay granted a third extension confirmed in writing yet again. Finally, on April 5, 2007 the parties again spoke by telephone and agreed to a 90-day extension to be valid through July 10, 2007.

After the fourth extension of time in which to file a lawsuit that was slated to expire on July 10, 2007, Plaintiff claims that by April 10, 2007, Plaintiff's counsel believed that all documentation necessary to support its claim and appease Defendants had been produced, and that Defendants' agent had some questions about the final invoice. Plaintiff's counsel, Ms. Rice, contacted Defendants' agent, Mr. Genevey, to determine the status of their

claim on April 19, 2007.  On April 20, 2007, Mr. Genevay responded that he had been "out of pocket."  On May 3, 2007, Ms. Rice followed up with Mr. Genevay requesting a meeting.  On May 4, 2007, Mr. Genevay responded, "I have my recommendation before my client and awaiting their response.  I will chase them up again today."  Neither Ms. Rice nor Mr. Genevay contacted the other during the months of June and July 2007.  As of August 6, 2007, Mr. Genevay claimed to still have no response from his client and presumed that the plaintiff had "abandoned" the claim.

Plaintiff avers that the history of correspondence between parties led Plaintiff's counsel to believe that resolution could be achieved without litigation, and cites Mr. Genevay's January 10, 2007 remarks about seeking to give settlement negotiations more time before pursuing litigation as support.  It is commonplace for negotiations to break down, and it would be unreasonable to rely upon such remarks in January 2007 as binding or as an indication that Plaintiff should allow the July 10, 2007 deadline to lapse.  In fact, Plaintiff sought and obtained an additional extension on January 10, 2007 and its final extension on April 5, 2007.

While a pattern of less than cooperative exchanges may have taken place and suspicious motivations may be present, the events surrounding the last extension of time do not point to a reasonable belief that the statute of limitations would not be used as a defense or would be extended.  Unlike *Tokio Marine and Fire Ins.*

6

*Co., Ltd.* where the same pattern of approval "subject to [the client's] similar approval" had been repeated for each extension, the July 2006, the October 10, 2006, January 10, 2007, and April 5, 2007 extensions in the case at bar do not establish a uniform pattern where the occurrences surrounding July 10, 2007 would lead Plaintiff to believe that an extension had been granted. There was no contact during June or July, prior to the last deadline date, which would have been reasonable and consistent with previous actions to seek or confirm further extensions of filing deadlines.

**C.  Withheld Information**

On December 7, 2007, Plaintiff issued a subpoena duces tecum to David Genevay for documents in his claims file to which he responded with redacted documents with no explanation of privilege. In addition, Defendants provided a privilege log for nineteen documents that were not produced at all. This privilege log, like the redactions, does not explicitly state the privilege claimed and, as such, Plaintiff highlights that it does not conform with Federal Rule of Civil Procedure 26(b)(5)(A).  Consequently, Plaintiff has filed a Motion to Compel set for hearing on August 20, 2008.  Plaintiff argues that the Court should refrain from ruling on the Motion for Summary Judgment since Plaintiff does not yet possess the facts necessary to oppose Defendants' Motion for Summary Judgment.

While Plaintiff has failed to raise material factual disputes

regarding the estoppel issue, Plaintiff may defeat summary judgment by moving for a continuance pursuant to Federal Rule 56(f), *Ramirez v. State of Texas*, 127 F.3d 33 (5th Cir. 1997).  However, no affidavit has been presented as stated in Rule 56(f).  While it is preferred that non-movants present an affidavit to support a continuance for discovery, there is no stringent procedure that bars litigants access to further discovery.  *Wichita Falls Office Assocs. V. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1993); *Gonzalez v. Green*, 535 F.Supp.2d 791, 804 (W.D. Tex. 2008).  In order to trigger Rule 56(f), a party "need only submit an equivalent statement preferably in writing that conveys the need for additional discovery." *Wichita Falls Office Assocs.*, F.2d at 919.  While Plaintiff has satisfied the procedural rigors of Rule 56(f), the proceedings surrounding the Motion to Compel (Rec. Doc. No. 21) reveal that all available materials relating to the Motion to Compel have been produced, rendering a continuance based on discovery issues moot.

On August 18, 2008, this Court granted Plaintiff's Motion for Leave to File Supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgment (Rec. Doc. No. 43) in light of Defendant's failure to produce electronic files sought.  Plaintiff contends that the communications between Mr. Genevay, the underwriter, and Barrett Rice, Defendant's counsel, serve as the most important pieces of evidence dealing with the time bar issue,

8

and were destroyed in December 2007 due to a "server failure." Plaintiff alleges that evidence that is spoilated by a party, whether it be negligently or intentionally, must be construed against the party who destroyed the evidence, and as a consequence summary judgment should be denied.  While Plaintiff contends that the communications between Mr. Genevay and Mr. Rice are the "single most important pieces of evidence dealing with this time-bar issue", Plaintiff fails to explain how these internal communications between Defendants' agent and counsel would impact the reasonable belief of Plaintiff's counsel, which is most relevant to this dispute. Plaintiff's spoilation argument is based on a theory that such communications could unveil Defendants' intent to mislead; but an intent to mislead does not exempt Plaintiff from the estoppel requirement that a plaintiff must have reasonably believed that the statute of limitations would not be used as a defense or would be extended.  Therefore, Plaintiff's spoilation argument fails. *See Justiss Oil Co., Inc. V. Kerr-McGee Refining Corp.*, 75 F.3d 1057, 1063 (5th Cir. 1996).

### *CONCLUSION*

For the aforementioned reasons, Defendants' Motion for Summary Judgment is **GRANTED,** subject to reconsideration if Plaintiff produces new evidence to warrant same by motion **due no later than August 31, 2008.**

New Orleans, Louisiana, this 20th day of August, 2008.

*[signature]*

UNITED STATES DISTRICT JUDGE