UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARKSON GRAIN COMPANY, INC.** | CIVIL ACTION |
| **VERSUS** | NO 07-4068 |
| **M/V AFRICAN STAR,** *in rem*, **and SEA BRIDGE MARINE, INC., OCEAN MARIS MANAGEMENT, INC., OCEANSTAR MANAGEMENT, INC. and VILARA MARITIME CO., LTD.,** *in personam* **and LONDON STEAMSHIP OWNERS MUTUAL INSURANCE ASSOCIATION** | SECTION "B" <br><br> JUDGE IVAN L.R. LEMELLE <br><br> MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

## MEMORANDUM IN OPPOSITION TO MOTION TO RECONSIDER

**MAY IT PLEASE THE COURT:**

When the Court held on August 21, 2008 that this claim was time barred, it was the only result the facts and law permitted. No doubt in consideration of the difficult situation this case presents for plaintiff's counsel, however, the Court graciously allowed plaintiff ten (10) days to request reconsideration "if plaintiff produces new evidence to warrant same".[1] Plaintiff has indeed moved for reconsideration, but notably has submitted no new evidence whatsoever. Rather, plaintiff merely re-styles and reiterates arguments previously rejected. For this reason alone, Clarkson's motion to reconsider must be denied.

---

[1] See page 10 of Court's Order and Reasons dated August 21, 2008, Document No. 46.

In desperation, plaintiff says the Court was in error because the Court did not understand that plaintiff's counsel was merely waiting for confirmation of settlement when the deadline for filing suit passed and that counsel reasonably believed that "settlement was imminent".[2] The argument misses the point and, in any case, is demonstrably false.

As outlined in our prior submissions, plaintiff has failed to allege or, much less, prove the kind of intentional, premeditated misrepresentations that in some instances have been held sufficient to toll the statute of limitations on equitable grounds. Rather, plaintiff casts random and unsupported aspersions against Mr. Genevay in the hope that impugning his character will cause the Court to excuse plaintiff's oversight. While certain of Mr. Genevay's electronic records can't now be retrieved, all of Mr. Genevay's paper file was produced long ago. It doesn't contain a single page that is suggestive of the type of mendacity that plaintiff alleges.

Moreover, it cannot be accurate to say that plaintiff reasonably believed that settlement was imminent when at the time the last suit time extension passed there had been absolutely no exchange of settlement figures between Mr. Genevay and plaintiff's counsel. In all of the communications between Genevay and counsel for Clarkson, there is not a single mention of a dollar figure or settlement amount. Counsel for Clarkson therefore had no way of knowing whether the settlement authority Genevay had requested from his principals was for five percent (5%) of the claim or ninety percent (90%) of the claim. Against that uncertainty, it is disingenuous for counsel now to say to this Court that she believed settlement was imminent when she had no way of knowing what the defendants' settlement offer would be.

The Court has properly correctly resolved this unfortunate issue, and, no new evidence having been presented, should deny plaintiff's request for reconsideration.

---

[2] See Clarkson memorandum in support of motion for reconsideration, page 4. Document No. 48-2.

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:  /s/ Gary A. Hemphill
      Gary A. Hemphill, T.A. LA Bar #6768
      Anne-Gwin Duval LA Bar #20796
      Canal Place
      365 Canal Street • Suite 2000
      New Orleans, Louisiana 70130-6534
      Telephone: (504) 566-1311
      Telecopier: (504) 568-9130

ATTORNEYS FOR OCEAN MARIS
MANAGEMENT, INC., OCEANSTAR
MANAGEMENT, INC., VILARA MARITIME
CO., LTD., AND LONDON STEAMSHIP
OWNERS MUTUAL INSURANCE
ASSOCIATION

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was served on this 9th day of September, 2008 with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record. .


/s/ Gary A. Hemphill