**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CLARKSON GRAIN COMPANY, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-4068** |
| **M/V AFRICAN STAR, *IN REM*, AND SEA BRIDGE MARINE, INC., OCEAN MARIS MANAGEMENT, INC., OCEANSTAR MANAGEMENT, INC., AND VILARA MARITIME CO., LTD., *IN PERSONAM* AND LONDON STEAMSHIP OWNERS MUTUAL INSURANCE ASSOCIATION** | **SECTION B(3)** |

## ORDER AND REASONS

Plaintiff seeks reconsideration by the Court of an order (Rec. Doc. No. 46) granting Defendants' Motion for Summary Judgment (Rec. Doc. No. 10). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion is **DENIED**.

**Cause of Action and Facts of Case**:

On August 21, 2008 this Court issued an Order and Reasons granting summary judgment to Defendants on a maritime action brought under the Carriage of Goods by Sea Act ("COGSA") arising

1

from alleged damage to a cargo of bagged organic soybeans while carried aboard the M/V AFRICAN STAR. The Court held Plaintiff was time barred from bringing suit since the one-year statutory limitation for claims under COGSA had expired, as had all subsequent extensions granted by the Defendants. Rec. Doc. 48 at 10.

The Court additionally found Plaintiff had not met a required evidentiary burden of reasonable reliance sufficient to estop the statute of limitations defense. *Id.* Further, Plaintiff was not eligible for a continuance based on a need for additional discovery where it had not shown how production of allegedly spoiled evidence would impact the "reasonable belief" of Plaintiff's counsel required to estop the time bar. *Id.* at 9. Summary judgment was granted subject to reconsideration of new evidence presented within ten days from ruling. *Id.* at 10.

Plaintiff timely brought a Motion for Reconsideration (Rec. Doc. No. 48) based on three arguments discussed below.

Because the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration, a motion for reconsideration should be treated as a motion to alter or amend a judgment under Rule 59(e) if filed within ten days of the challenged ruling or judgment and under Rule 60 if filed beyond that time. *Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000); *Freeman v. County of Bexar*, 142 F.3d 848, 852 and n.7 (5th Cir. 1998); *Hamilton*

2

*Plaintiffs*, 147 F.3d at 371 n.10.  Plaintiff's motion was timely filed within the ten day period.

The Court should refrain from altering or amending a ruling or judgment under Rule 59(e) of the Federal Rules of Civil Procedure unless one of the following grounds is present: (1) the judgment is based upon manifest errors of law or fact; (2) the existence of newly discovered or previously unavailable evidence; (3) manifest injustice will result; or (4) an intervening change in controlling law has occurred.  *See* 11 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 2810.1, p. 125-27 (1995) ("Wright & Miller").  "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. Oct. 10, 2001); Wright & Miller, § 2810.1 at 127-28; *and Clay v. Daichi Shipping*, 2000 WL 6269, at *1 (E.D. La. Jan. 5, 2000).  Further, recycled arguments – previously rejected by the court – serve only to waste judicial resources.  *See Self*, 172 F. Supp. 2d at 816; and *Louisiana v. Sprint Communications, Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995).

Altering, amending, or reconsidering a judgment is an extraordinary measure, which courts should use sparingly. *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)(noting that the standards applicable to Rule 59(e) favor the denial of motions to alter or amend a judgment); *see also* 11

Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure: Civil 2d § 2810.1, p. 124 (1995). Accordingly, rulings should only be reconsidered "where the moving party has presented substantial reasons for consideration." *Id.*; *see also Baustian v. Louisiana*, 929 F. Supp. 980, 981 (E.D. La. 1996). The Court must balance between two competing interests: the desire to achieve and maintain a final judgment and the desire to reach a just decision based upon the evidence. The *Freeman* court instructed the Court to consider the following in striking the balance: "the reasons for the moving party's default, the importance of the omitted evidence to the moving party's case, whether the evidence was available to the non-movant before she responded to the summary judgment motion, and the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened." 142 F.3d at 853.

Plaintiff first suggests, presumably on the basis of manifest injustice, that the Court "did not appreciate... the whole history of correspondence" between Plaintiff and Defense counsel when considering its original estoppel argument. Rec. Doc. No. 48-2 at 2. To the contrary, the Court expressly considered the history of correspondence between the parties along with other factors and distinguished the circumstances in this case from those of *Tokio Marine and Fire Ins. Co., Ltd., v. M/V YOU LIANG*, 2001 WL 1673697 (E.D. La. Dec. 20, 2001), stating that the four prior extensions

4

granted to Plaintiff "do not establish a uniform pattern" sufficient to support a theory of reasonable reliance. Rec. Doc. No. 46 at 7. Plaintiff is thus barred from raising the issue again.

Plaintiff next argues the court improperly granted Summary Judgment where Defendants allegedly spoilated evidence in failing to produce electronic files they claimed were made unavailable due to a server failure. Rec. Doc. No. 48-2 at 4. In support of this argument, Plaintiff presents a series of hypothetical arguments suggesting potential findings on these hard drives which would suggest an intent to misrepresent settlement authority and thus lull Plaintiff into allowing the statute of limitations to lapse. *Id*. at 5-6. This argument is predicated on the unsupported assertion that "The greater the evidence of efforts made by Defendants to mislead Clarkson Grain into not filing suit, the *more reasonable* Ms. Rice's belief on Defendants' representations." *Id.* (Emphasis in original). This argument was already addressed explicitly in the Order and Reasons- "an intent to mislead does not exempt Plaintiff from the estoppel requirement that a plaintiff must have reasonably believed that the statute of limitations would not be used as a defense or would be extended." Rec. Doc. No. 46 at 9.

It is worth noting that although Defendant may have acted improperly in failing to produce the requested files- and in doing

so, may be subject to discipline outside this case- the reasonableness analysis must turn on an assessment of the information that was or should have been assessed by the Plaintiff at the time reliance was made without regard for any correspondence internal to the adverse party which was not available for consideration. At best, Plaintiff has identified an argument which might with evidentiary support indicate a finding of fraudulent intent **after** misrepresentation had been shown, however having failed to meet that initial burden any motivation behind Defendant's representations is now moot. *See generally Villarini-Garcia v. Hospital Del Maestro, Inc*. 8 F.3d 81, 84 (1st Cir. 1993); L.S. Tellier*, Annotation, What Constitutes Concealment Which Will Prevent Running of Statute of Limitations*, 173 A.L.R. 576 (1948); Paul D. Rheingold, Annotation, *Solving Statutes of Limitation Problems,* 4 Am. Jur. Trials 441 at § 30 (April 2008).

Plaintiff seeks a continuance to perform additional discovery. However, having failed to meet the burdens of 59(e) and in absence of any explicit justification for doing so, short of the arguments already rejected, no basis exists upon which to grant such a request.

New Orleans, Louisiana, this 27th day of January, 2009.

**UNITED STATES DISTRICT JUDGE**